Iryna Charcot
121 W. 120 St.
NY NY 10027
Cell 917-653-9374
Plaintiff, pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Iryna Charcot, Plaintiff pro se
v.
Mr. Jason M. Green
Green & Cohen, PC
319 East 91 St., NY NY 10028
&
Mr. Doron Kessel, Owner
121 Realty (2013), LLC
GMK Management
Mr. Pawel Batog, manager
Defendants, Individually & Severally

15 CIV _____ Complaint

Jury Trial demanded

15 CV 2336

Plaintiff, IRYNA CHARCOT, pro se, for her complaint against the Defendants Mr. Jason M. Green, Green & Cohen, PC (hereinafter, Green & Cohen) and Mr. Doron Kessel, Owner of Record, 121 Realty (2013), LLC, GMK Management and Pawel Batog, Manager, (hereinafter DK, 121 Realty, GMK and PB) Individually and Severally.

### NATURE OF THE CASE

1. This is an action for damages, equitable relief per 15 USC §1692 et seq. (Fair Debt Collection Practice Act ("FDCPA") pertaining to prohibitive debt collector actions by defendants **Mr. Jason Green, Green & Cohen** engaging in abusive, deceptive, illegal, unfair practices against alleged debtor.

2. Also it is about discriminatory housing practices of intimidaton, interference, harassment by defendants, **DK, 121 Realty, GMK and PB**; and deem,

1

consider itself Superlaw above all ignoring Fair Housing Act Title 42§3601 et seq.,NY State Human Rights Law, NYC Human Rights laws, inter alia.

## JURISDICTION & VENUE

3.The Court has jurisdiction per 15USC §1692 (k) ,28 USC§§1331, 1332 and FHA §3601 et seq and Civil Rights Act, 42 USC §§1981,1982. This court has supplemental jurisdiction over NYS and NYC causes of action per 28 USC §1367.

4.Venue is proper in the District per 15 USC §1692(k)(d) and 28 USC 1391 (b)(1),(c)(2) because defendants are incorporated, residing or doing business in the District.

## PARTIES

5.Planitff, Iryna Charcot ,appears pro se , is not a licensed attorney, is a citizen, natural person resides at 121 W. 120 St.#apt.2F,NY,NY,10027.

6.Upon information and belief, **Mr. Jason Green, Green &Cohen PC** is a law firm, do debt collection, office:319 East 9 St.,basement, NY,NY,10128.

7.Upon information and belief, rents demanded by defendants **Green &Cohen** on behalf of landlords in NY State are "debt" are defined by 15 USC §1692 (5) in that the obligations arise out of transactions primarily for personal, family and or household purposes.

8.Upon information and belief, Defendants, **Doron Kessel, Owner Of Record,** resides at 10 Lawson Lane, Great Neck, NY,11023.

2

9. Upon information and belief, defendant **121 Realty (2013) LLC** is a domestic limited liability corporation, incorporated in the State of New York, principal office at 138 West 133rd St.NY, NY 10036 and defendants **Mr.Doron Kessel, Owner of record and 121 Realty (2013) ,LLC. GMK Management Mr.Pawel Batog, manager** own, control and or manage "hands on" multi-family apartment building 121W.120 St. NY,NY, 10027.

### ALLEGED FACTUAL HOUSING ALLEGATIONS

10. Upon information and belief, precedent condition at subject building, 121 W.120 St. that existed over 12 (twelve) years was a neutral policy*absent* prior discriminatory pattern of acts: harassment, initimidation, interference, self-help-constructive-eviction actions with respect to Fair Housing Act ,supplemental NYS Human Rights Law §296, NYC Human Rights Law and NYC Administrative Codes 8-107,5(a) (2) prohibiting housing providers from engaging in discriminatory acts against protected statuses in the provision of housing with their related and adjunct services. It is law of the land ,not permissive to make reasonable accommodations, with rules, policies,practices,services, and customs to afford parties ,tenants equal opportunity to enjoy a housing dwelling.

11. On 04/01/2002, plaintiff, Iryna Charcot, entered possession per a renewable stabilized contract subject to terms and conditions with former

9. Upon information and belief, defendant **121 Realty (2013) LLC** is a domestic limited liability corporation, incorporated in the State of New York, principal office at 138 West 133rd St.NY, NY 10036 and defendants **Mr.Doron Kessel, Owner of record and 121 Realty (2013) ,LLC. GMK Management Mr.Pawel Batog, manager** own, control and or manage "hands on" multi-family apartment building 121W.120 St. NY,NY, 10027.

### ALLEGED FACTUAL HOUSING ALLEGATIONS

10. Upon information and belief, precedent condition at subject building, 121 W.120 St. that existed over 12 (twelve) years was a neutral policy*absent* prior discriminatory pattern of acts: harassment, initimidation, interference, self-help-constructive-eviction actions with respect to Fair Housing Act ,supplemental NYS Human Rights Law §296, NYC Human Rights Law and NYC Administrative Codes 8-107,5(a) (2) prohibiting housing providers from engaging in discriminatory acts against protected statuses in the provision of housing with their related and adjunct services. It is law of the land ,not permissive to make reasonable accommodations, with rules, policies,practices,services, and customs to afford parties ,tenants equal opportunity to enjoy a housing dwelling.

11. On 04/01/2002, plaintiff, Iryna Charcot, entered possession per a renewable stabilized contract subject to terms and conditions with former

owners, of apt.#2F at121West 120 St. (6 or more units).**Exhibit A.lease 7pp**

12.At all relevant times, the building is registered as ID No. 110012 and subject to the law of city,county, state and federal for purpose of rent, debt collection, taxation, tax benefits of IRS,city and state and mortgage.

13.Upon information and belief, on January 9th ,2014 defendant **121 Realty** (as tenants-in common) bought building subject to protected stabilized contract terms and conditions of prior owners. On 9/3/2014 the deed is flipped-in-house to defendant **Mr.Doron Kessel, Owner of record**.All rents continue to go to defendant **121 Realty. Exhibit B. Deeds**

**Wolf As Sheep At Door Coldly Howls Self-Help-Coercive-Kick-Out:**
14. Upon information and belief, since late January 2014, during a bitter winter, defendants **DK, 121 Realty,GMK,PB,** decided summarily willy-nilly, unilaterally to resort to self –help-coercive-constructive-eviction outside of law, mechanically and physically to harass,interfere, intimidate plaintiff by manually shutting off HEAT in NY's historic weather's winter, unreasonably,**no** notice/cause, eject plaintiff from housing occupancy,deny enjoyment of housing services to protected status: female gender identity, familial:single identity,relgious persuasion: Orthodox identity, national origin: Belarus identity (mixed as Russian). **Exhibit C JFK Weather**

15.Upon information and belief, property acquisition by defendants

4

**DK,121 Realty,GMK PB** continues to be subject to relevant federal laws of land, state and city statutes (*see* ¶8 above), any existing contract obligations, liabilities,limitations, terms and conditions expressed on the four corners.

16.Upon information and belief, an personally witnessing events Defendants, **DK,121 Realty, GMK, PB,** knew or should know heat provision,is mandated not at defendants fantasy wish in winter's historic temperatures:

- *Jan. 21, 2014 at plaintiff's building apt.2F Day Hi:33F, Nite Lo:12F*
- *Jan.22,   "    "    "     "    "    "    Day Hi:18F,Nite Lo: 7F*
- *Jan.23,   "    "    "     "    "    "    Day Hi:19F,Nite Lo: 9F*
- *Jan.24,   "    "    "     "    "    "    Day Hi:19F,Nite Lo:-0F*
- *Jan.25,   "    "    "     "    "    "    Day Hi:28F, Nite Lo:19F*
- *Jan.26,   "    "    "     "    "    "    Day Hi:34F,Nite Lo:17F*
- *Jan.27,   "    "    "     "    "    "    Day Hi:44F,Nite Lo:21F*
- *Jan.28,   "    "    "     "    "    "    Day Hi:21F,Nite Lo:12F*
- *Jan.29,   "    "    "     "    "    "    Day Hi:23F,Nite Lo14 F*
- *Jan.30,   "    "    "     "    "    "    Day Hi:30F,Nite Lo 16F*
- *Jan.31,   "    "    "     "    "    "    Day Hi:39F,Nite Lo25F* **Exhibit D temps**

**Defendants DK,121 Realty,GMK, PB Superlaw Admits: Low Temp**

15.Upon information/belief,belatedly,on January 29,2014,after defendants **DK,121 Realty,GMK ,PB** as Superlaw brainstormed a battle public relations caper hatched:'misassign responsibility-ownership-maintenance-of-property to tenants by'smoke and spinning mirrors' , despite no heat service, discriminatorily practiced, known by Defendants, **DK, 121 Realty, HMK, PB,** as SUPERLAW shrouded themselves in deceptive

*Generalization,* absent any specific details justified minimlized reply:
> *"During apartment inspections [WE] observe that some tenants had windows open when outside temperature was below 30F; there was too hot in their apartments.The building was simply overheated.*

5

> *Base[d] on this observation we decided to install computer system which will control heating in the building. We would like inform you about New York city requirements regarding temperatures during heating season..."* Exhibit E Defendant's e-mail 1/29/14 ,6:32PM

The defendants **DK,121 Realty,GMK ,PB** froze plaintiff and housing accommodations 24 hours day in QUANTITY,QUALITY,UNVIABLY her human form subjected to hazardous, dangerous and injurious conditions to any standard of normal health, any average healthy body, limb and life, at risk to freeze in 20 minutes. The above discriminatory pattern is repeated by failure to provide adequate and sufficient housing and service because defendants **DK,121 Realty,GMK, PB** as housing provider, Superlaw acts out of law against plaintiff protected status: national origin identity,gender identity,familial identity and religious persuasion identity.

### Retaliatory Scalding Interference & Bad Will Intimidation

16. Upon information and belief, in addition, because the plaintiff per Freedom Speech petitioned via NYC 311 the dangerous calamities.*Then*, defendants, **DK, 121 Realty,GMK, PB** had failed to reasonably maintain the appurtenances, retaliated by permitting scalding hot water in domestic lines released exceeding 130 degrees fahernheit upon plaintiff but HEAT remains ZERO.

Upon information and belief, additionally plaintiff subjected by surprised various inspections euphemistically "visits". Yet, the hazardous,

dangerous conditions not addressed for relief or remedy. Subsequently, inadequate and insufficient heat continued thru February, to April, 2014.

17.Thereafter, per USA Constitution Amendment Art.1,in unity of time, with respect to harsassment, interference, intimidation coersion by **DK, 121 Realty,GMK,PB,** defendants housing providers's use of self-help-force-out plaintiff from housing occupancy,as time permits, she grieved grievances to local authorities by NYC311. **Exhibit F Inspections**

18.Upon information and belief, despite the forgoing, in segue, the defedants **DK,121 Realty,GMK, PB** refused or failed to change or amend their discriminatory pattern of conduct, did not adequately supervise or provide housing and or perform housing servicesin a neutral manner.

**Bias Invasive Inquiry Into Plaintiff's Private Protected Identity**
19.Upon information and belief,on or about third week of February 2014, in AM as part of unwritten non-neutral policy, a particular defendant, Mr. **Doron Kesssel, owner of record, as officer of 121 Realty (2013)LLC,** en passant, front of subject building 201 W.120 St. as plaintiff emerged to work ,he approached, asked searchingly if she lived alone. She demurred, the inquiry to her protected private familial status is intrusive.

20. Moreover, on about last week of February 2014 in AM,plaintiff on way to work, opened apt.2F door, finds defendant **Doron Kesssel, owner of record, as officer of 121 Realty (2013)LLC** bent over in front of threshold

7

picking up something or listening, straightened up, said he visits to inspect apartments. Plaintiff uncomfortably refused access absent notice.

21. There were other visits and or inspections per court order and or notice were satisfactory by defendants **DK,121 Realty,GMK, PB**.

23. The housing provider Defendant, **Doron Kesssel, owner of record, as officer of 121 Realty,** request for verbal documentation should seek only the information that is necessary to evaluate if the reasonable accomodation of housing service of heat, proper hot water not to exceed 140 degrees and otherwise the housing provider seeks unnecessary private data.

24. Since plaintiff, provided the reasonable information of zero heat, scaldng water at unbearable temperatures, other times inadadequate and insufficient heat as to law necessary to make urgent twenty-four (24) hour decision but the defendant, Defendant, **DK, 121 Realty,HMK, PB** housing provider, saunters about unreasonably, denies an accommodation, the housing provider has in effect made conscientious decision not to provide the housing service, no matter what.

25. The FHA, and NYS Human Rights,NYC Human Rights prohibits practices with unjustified discriminatory effect, regardless of whether there was intent to discriminate.

**Retaliatory Animus & Discriminatory-Bent Threats**

26. Upon information and belief, on or about 3rd week of February 2014 Defendant, **Doron Kessel, owner of record, as officer of 121 Realty,** a housing provider in furtherance in progress in self-help-discriminatory conduct against plaintiff as prohibited by FHA Act (in particular §3617) laid down in clearly spoken threat in his learned King's English: "[You will regret your complaint to the city]."

27. Upon information and belief, on or about January 21st thru February 2014, intermittently, defendants Defendants, **DK, 121 Realty, GMK,PB** practiced or failed to reasonably maintain appurtenances, plumbing so as to cause malfunction by permitting exreme hot scalding water to egress to the bathing facilities, shower, and kitchen faucet while freezing out plaintiff. On or about January 23, 2014 defendants,**D K, 121 Realty,GMK,PB** purported compliance to correct hazardous, dangerous, injurious condition to life,body, limb. **Exhibit G Scalding water in excess of 140 degrees**

**Federal Law Permits Fair Credit Report Records With "Black Listing" To Hold For Seven Years, Even If Case Discontinued as No Debt**

28.Upon information and belief, defendants **DK , 121Realty, GMK, PB** caused a frivolous proceeding under color of law to be commenced against plaintiff to harass,interfere and intimdate with her housing opportunities in another specific detailed manner: